IN RE: K.P.P.[1]
No. COA03-1285
North Carolina Court of Appeals
Filed July 6, 2004.
This case not for publication
Mecklenburg County No. 01 J 693.
Attorney General Roy Cooper, by Assistant Attorney General M. Janette Soles, for the State.
David Childers for the respondent-appellant.
BRYANT, Judge.
D.M.[2] (parent of juvenile respondent) on behalf of K.P.P. (respondent) appeals an order filed 24 March 2003. The order committed juvenile to Department of Juvenile Justice for an indefinite period of time, not less than six (6) months and not to exceed juvenile's eighteenth (18th) birthday.
On 31 July 2001, respondent admitted to allegations of assault on a government employee. On 25 September 2001, respondent was found to be a delinquent juvenile for the assault allegation, aswell as for allegations of misdemeanor assault and assault with a deadly weapon. Respondent was sentenced as a Level 2 offender and placed on probation for twelve months. Respondent was ordered to remain on good behavior, attend school, not use or possess any controlled substances, not associate with any co-defendants, take anger management classes, perform 100 hours of community service, abide by a 7:00 p.m. curfew, report to counselors, spend 14 days in detention, and consult the behavioral health center.
On 26 October 2001, a motion for review was filed alleging respondent had violated her probation. Respondent admitted the allegations. On 17 December 2001, respondent was continued on probation and ordered to cooperate with a mental health assessment, with the Behavioral Health Center, and anger management.
On 20 March 2002, a juvenile petition was filed against respondent alleging four charges of assault on a government employee. Respondent admitted to two of the charges, and the other two charges were dismissed. On 2 May 2002, respondent was adjudicated delinquent.
On 19 June 2002, another motion for review was filed alleging respondent had violated her probation. Specifically, it was alleged that respondent had been discharged from the partial hospitalization program in violation of the conditions of her probation. On 8 July 2002, respondent admitted the violation and was committed to training school for a minimum of six months. Respondent was released from training school on 7 January 2003.
On 6 January 2003, another petition was filed againstrespondent alleging that she was a delinquent juvenile for having committed the offense of assault on a government employee. On 21 January 2003, respondent admitted the allegation. A dispositional hearing was held on 24 March 2003. On 25 March 2003, the trial court returned respondent to training school for a minimum of six months, not to exceed her eighteenth birthday. Respondent appeals.
The dispositive issue on appeal is whether the trial court erred by failing to adequately consider alternative dispositions when committing juvenile to training school for a minimum of six months.
Respondent argues that the trial court erred because it did not exhaust all alternatives before sentencing her to a period of detention. Respondent contends the trial court had an affirmative obligation to consider alternative dispositions, and failed to make any findings that alternatives were inappropriate.
In re Robinson, 151 N.C. App. 733, 736-37, 567 S.E.2d 227, 229 (2002), this Court stated that:
Juvenile dispositions in delinquency proceedings are controlled by N.C. Gen. Stat. § 7B-2500 et seq. For offenses occurring on or after 1 July 1999, courts are no longer bound by the language of former N.C. Gen. Stat. § 7A-646 (1998). Under the new Code, the directives found in former section 7A-646 that the trial court "select the least restrictive disposition" which is appropriate and that "[a] juvenile should not be committed to training school or to any other institution if he can be helped through community-level resources" have been deleted. The trial court is now required to "select the most appropriate disposition," one that is designedto "protect the public and to meet the needs and best interests of the juvenile," based on a list of enumerated factors. A textual analysis shows a more balanced statutory design emphasizing appropriate dispositions, with some limitations, rather than what had been interpreted as a mandate for the least restrictive alternative under the circumstances.
(citations omitted). Thus, the trial court was not required to select the least restrictive alternative.
Furthermore, the evidence here supports the trial court's disposition committing respondent to training school. The seriousness of the offense and respondent's history of delinquency authorized a Level 2 or 3 disposition. "[I]n those instances where there is a choice of [disposition] level, there are no specific guidelines solely directed at resolving that issue. Accordingly, choosing between two appropriate dispositional levels is within the trial court's discretion. Absent an abuse of discretion, we will not disturb the trial court's choice." Id. at 737, 567 S.E.2d at 229.
Pursuant to N.C. Gen. Stat. § 7B-2500:
the trial court should develop a disposition in each case that:
(1) Promotes public safety;
(2) Emphasizes accountability and responsibility of both the parent, guardian, or custodian and the juvenile for the juvenile's conduct; and
(3) Provides the appropriate consequences, treatment, training, and rehabilitation to assist the juvenile toward becoming anonoffending, responsible, and productive member of the community.
N.C.G.S. § 7B-2500 (2003).
Here, the respondent had a history of multiple assaults, including an assault committed when she was in training school, while she was pregnant, two days before she gave birth. Despite being on probation since March 2001 and having previously spent time in training school, her behavior had not improved. Accordingly, we conclude the trial court did not abuse its discretion by committing respondent to training school.
Affirmed.
Chief Judge MARTIN and Judge McGEE concur.
Report per Rule 30(e).
NOTES
[1] Initials of juvenile's name used to protect identity.
[2] Initials of parent's name used to protect juvenile's identity.